## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

MATTAVIOUS QWAURTEZ WORTHAM      DOCKET NO. 16-CV-1182 SECTION P

VERSUS      JUDGE HICKS

JEFF THOMPSON, ET AL.      MAGISTRATE JUDGE HAYES

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Mattavious Qwaurtez Wortham (#704502). Plaintiff was granted leave to proceed *in forma papueris* on August 24, 2016. (Doc. 6). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana. He names as defendant Judge Jeff Thompson. Petitioner complains that Judge Thompson issued an invalid criminal judgment against Plaintiff.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff claims that Judge Thompson issued a judgment against Plaintiff without authority, sentencing Plaintiff to 33 years of imprisonment. He argues that Judge Thompson did not have an "official bond" in accordance with Louisiana law.

### Law and Analysis

Plaintiff is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding in forma pauperis, his complaint is also

subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff alleges the violation of Louisiana Revised Statutes 42:141 and 42:148 by Judge Thompson.  To state a claim under § 1983, a claimant must allege a violation of the Constitution or federal law by a person acting under color of state law. See 42 U.S.C. § 1983. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of state law. See Baker v. McColl, 443 U.S. 137, 146 (1979).  As the United States Fifth Circuit Court of Appeals has observed, "'[It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roar, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)). Because Plaintiff has only alleged the violation of state law, his claim is frivolous.

Moreover, Plaintiff cannot maintain a claim against Judge Thompson. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. See Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349 (1978). Acts are judicial in nature if they are: (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. See Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's civil rights claim against Judge Thompson should be dismissed as frivolous.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 31st day of August, 2016.

Karen L. Hayes
United States Magistrate Judge